IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Case Number 4:21CR161 |
| | § | Judge Kernodle |
| JHON WILMER ROSERO-HERNANDEZ | § | |
| a.k.a. Chusco | § | |
| a.k.a. Medio Beso | § | |
| a.k.a. Gay | § | |

## FACTUAL BASIS

The Defendant, Jhon Wilmer Rosero-Hernandez, with the full approval and concurrence of his attorney, Eduardo X. Pereira, hereby stipulates and agrees that at all times relevant to the Indictment the following facts were true and the admissions herein may be used by the Court in support of Defendant's guilty plea to Count One of the Indictment alleging a violation of 21 U.S.C. § 963 (conspiracy to manufacture and distribute cocaine, intending, knowing, and having reasonable cause to believe the cocaine would be unlawfully imported into the United States). The Defendant knowingly and voluntarily affirms his guilt and agrees that had this matter proceeded to trial, the Government, through the testimony of witnesses and other admissible evidence, would have proven every essential element of the offense alleged in Count One of the Indictment beyond a reasonable doubt, specifically including the following facts that the Defendant acknowledges are true.

1.    Jhon Wilmer Rosero-Hernandez (hereinafter "Defendant") is the same person charged in the Indictment and is knowingly and voluntarily entering a guilty plea to Count One of the Indictment.

U.S. v. Jhon Wilmer Rosero-Hernandez: Factual Basis in Support of Guilty Plea    Page 1 of 4

2.      The events described in the Indictment occurred within the extraterritorial jurisdiction of the United States, and Defendant knowingly and voluntarily consents to venue in the Eastern District of Texas.

3.      From in or about 2016 through in or about the date of the Indictment of June 10, 2021, Defendant knowingly and intentionally conspired, combined, and agreed with others (hereinafter the "Co-Conspirators") to manufacture and distribute cocaine, intending, knowing, and having reasonable cause to believe that the cocaine would be unlawfully imported into the United States.

4.      Defendant knew the unlawful purpose of that agreement.

5.      Defendant joined in that agreement with the intent to further its unlawful purpose.

6.      The overall scope of the conspiracy involved more than 450 kilograms of cocaine.

7.      Defendant knew the scope of the conspiracy involved more than 450 kilograms of cocaine during his membership in the conspiracy, which quantity of cocaine was both reasonably foreseeable to Defendant and part of activity jointly undertaken with the Co-Conspirators.

8.      Defendant's primary role in the conspiracy included brokering, investing in, and coordinating the dispatch of large cocaine shipments by land and by sea, including maritime cocaine shipments transported on board go-fast vessels (GFV) and self-propelled semi-submersibles (SPSS).  Those shipments were dispatched from locations along the Colombian coast and delivered to associates at various locations in Latin America for onward smuggling and ultimate importation into the United States.

9.      During and in furtherance of the conspiracy, Defendant was involved in the coordination, funding, and dispatch of the following cocaine shipments seized by law enforcement authorities, along with other cocaine shipments that were successfully delivered to their intended recipients, all of which were destined for distribution in the United States:

U.S. v. Jhon Wilmer Rosero-Hernandez: Factual Basis in Support of Guilty Plea      Page 2 of 4

a. The May 23, 2017, interdiction of a GFV and seizure of 821 kilograms of cocaine by the U.S. Coast Guard in international waters approximately 196 nautical miles southeast of the Costa Rica/Panamá border.

b. The June 18, 2017, seizure of 618 kilograms of cocaine by law enforcement authorities from a rural farm in Costa Rica. This cocaine load had previously been shipped by GFV from Colombia to Costa Rica where it was being stored pending onward distribution.

c. The July 27, 2017, seizure of 684 kilograms of cocaine by law enforcement authorities from a Nissan cargo truck in Costa Rica. This cocaine was part of a larger 850-kilogram cocaine shipment previously transported by GFV from Colombia to Costa Rica. While en route, the GFV crew jettisoned the cocaine into the ocean fearing law enforcement capture. The cocaine was then tracked by the Co-Conspirators using GPS trackers, was eventually recovered from the ocean, and was then transported to shore in Costa Rica. The surviving 684-kilograms of cocaine was later interdicted and seized while it was being transported in a Nissan cargo truck in the interior of Costa Rica.

d. The November 13, 2017, seizure of 1,742 kilograms of cocaine from an SPSS interdicted by the U.S. Coast Guard in international waters. This represented only a portion of a larger load of approximately 4,000 kilograms of cocaine on board the SPSS. To avoid seizure of the cocaine load and collection of evidence, the SPSS crew scuttled the vessel upon being interdicted by the U.S. Coast Guard. As the SPSS sank, 1,742 kilograms of the cocaine load floated to the surface where U.S. Coast Guard personnel recovered it.

10. Defendant helped coordinate the construction and funding of the above-noted SPSS on behalf of one or more wealthy drug traffickers financing the venture. Defendant conducted that drug venture and the others described above in collaboration with multiple Co-Conspirators both known and unknown to him, including William Hoyos-Galvis, Karol Andrea Gomez-Ceron, Luis Gabriel Bermeo-Garcia, Jesus Alberto Burbano-Valdes, Luís Carlos Salas Landazuri, and others. Each of those ventures involved many other participants to help facilitate the construction, equipping, fueling, loading, dispatch, and operation of the maritime vessels, the acquisition and transport of cocaine from various sources of supply, the selection and monitoring of smuggling routes and refueling waypoints, the selection and coordination of clandestine

delivery locations, and the exchange of information and money throughout the trafficking process, among other tasks.

### DEFENDANT'S SIGNATURE AND ACKNOWLEDGMENT

I have read this Factual Basis and the Indictment, and/or had them read and explained to me in Spanish and discussed them in detail with my attorney, Eduardo X. Pereira. I fully understand the content of these documents, agree without reservation that this Factual Basis accurately describes the events and my acts, and sign this document knowingly and voluntarily.

Dated: 6/3/2024

Jhon Wilmer Rosero-Hernandez
Defendant

### DEFENSE COUNSEL'S SIGNATURE AND ACKNOWLEDGMENT

I am counsel for Jhon Wilmer Rosero-Hernandez. I have read this Factual Basis and the Indictment, thoroughly reviewed them with Defendant, and ensured their provisions were translated into Spanish for Defendant's benefit. Based upon my discussions with Defendant, I am satisfied that Defendant understands both documents and is knowingly and voluntarily pleading guilty and agreeing to the above stipulated facts in support of his guilty plea.

Dated: 6/3/2024

Eduardo X. Pereira
Attorney for Defendant